**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 95-2045**

—————————

GARY F. KELLER; HOMER C. MILLER; KEITH E.
SANSOM; CURTIS F. WOODS,

                              Plaintiffs - Appellants,

        versus

DISTRICT LODGE NUMBER 19, INTERNATIONAL ASSO-
CIATION OF MACHINISTS AND AEROSPACE WORKERS,

                              Defendant - Appellee,

        and

INTERNATIONAL ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS,

                              Defendant.

—————————

Appeal from the United States District Court for the Southern Dis-
trict of West Virginia, at Huntington.  Charles H. Haden II, Chief
District Judge.  (CA-94-137-3)

—————————

Argued:  July 9, 1996              Decided:  August 7, 1996

—————————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ARGUED:** Robert Lee Templeton, Ashland, Kentucky, for Appellants. Michael Stephen Wolly, ZWERDLING, PAUL, LEIBIG, KAHN, THOMPSON & WOLLY, P.C., Washington, D.C., for Appellee. **ON BRIEF:** Donna R. Euben, ZWERDLING, PAUL, LEIBIG, KAHN, THOMPSON & WOLLY, P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Keller, Homer Miller, Keith Sansom, and Curtis Woods, former employees of CSX Transportation, Inc., filed this action against their exclusive collective bargaining representatives, the International Association of Machinists and Aerospace Workers and its local subdivision, District Lodge No. 19, for breach of their duty of fair representation. The plaintiffs challenged the union's handling of both CSX's buyout offer, which was made in connection with their layoffs by CSX, and the plaintiffs' protective benefits claims.

After the district court dismissed the claims against the International Association for plaintiffs' failure to effect service of process in compliance with Federal Rule of Civil Procedure 4(m), it granted District Lodge No. 19's motion for summary judgment. The court concluded that the plaintiffs' claims concerning the union's failure to accept or otherwise pursue CSX's buyout offer in 1988 were barred by the applicable statute of limitations. And on the merits of the plaintiffs' challenge to the union's handling of their protective benefits claims, the court ruled as a matter of law that the union had acted reasonably in light of earlier adverse arbitration decisions involving similar claims.

We have carefully considered the record, briefs, and arguments of counsel and, based on the sound reasoning in the district court's written decision, see Keller v. District Lodge No. 19,

<u>Int'l Ass'n of Machinists and Aerospace Workers</u>, Civil Action No. 94-137 (S.D. W. Va. April 18, 1995), we affirm.

<u>AFFIRMED</u>